**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Demetric Hayes and Carla Marshall, Appellants,

v.

Jim Stroud, Respondent.

Appellate Case No. 2019-000102

———————

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-172
Submitted January 1, 2022 – Filed April 13, 2022

———————

**AFFIRMED**

———————

Demetric Hayes, of West Columbia, pro se, and Carla
Marshall, of West Columbia, pro se.

Patrick Buel Ford, of Finklea Law Firm, of Florence, for
Respondent.

———————

**PER CURIAM:** Demetric Hayes and Carla Marshall (collectively, Appellants)
appeal the circuit court's Form 4 order affirming the magistrate's writ of ejectment.
On appeal, Appellants argue the circuit erred in dismissing his appeal. Appellants
allege the following underlying errors: two evidentiary issues, the removal of
Marshall as a party, the magistrate's application of sections 27-40-440 and

27-40-610 of the South Carolina Code (2007), and a potential conflict involving Jim Stroud's attorney.

We hold Appellants have not preserved their arguments because the circuit court's Form 4 did not address any of these arguments and Appellants failed to file a Rule 59(e), SCRCP, motion and request a ruling on these issues.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the trial court to rule on the issue in order to preserve it for appeal."); *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22 n.11, 698 S.E.2d 612, 623 n.11 (2010) ("[T]he circuit court has the authority to hear motions to alter or amend when it sits in an appellate capacity and such motions are required to preserve issues for appeal where the circuit court fails to rule on an issue."); *Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling.").  Additionally, we note Appellants have not shown the circuit court's decision was controlled by an error of law or was unsupported by the facts.  Appellants' arguments regarding sections 27-40-440 and 27-40-610 indicate they believed they were justified in withholding rent because Stroud failed to maintain the premises.  However, the record reflects Hayes, the listed tenant on the lease agreement, failed to inform Stroud of this intention, as required by the South Carolina Residential Landlord Tenant Act, S.C. Code Ann. § 27-40-10 (2007), and the sections cited by Appellants provide no legal excuse for his nonpayment.  *See* S.C. Code Ann. § 27-37-10(A) (2007) ("The tenant may be ejected upon application of the landlord or his agent when [] the tenant fails or refuses to pay the rent when due or when demanded.").[1]

**AFFIRMED.**[2]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] Because the legality of Appellants' ejectment is dispositive, we decline to address the remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when a decision on a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.